All rise. Here to introduce the Honorable Appellate Court for the 2nd District is now open. The Honorable Justice Robert D. McLaren presides. Please be seated. First case, Your Honor, formula 2, 11-13-17. The Appellate Court for the 2nd District is now open. We ask that the witnesses, Mr. Richard Pavelich, Mr. Hoffman, Mr. Dennis McKellips, Mr. R. E. J. McKellips, Mr. Robert Hall, R. E. J. McKellips, Mr. Terry Lynn Krasak. Mr. Long. Good morning. Good morning. I please the Court. I'm Robert Long. I represent the Appellants in this case who are the Supervisor, the Clerk, and two of the members of the Board of Trustees of the Town of Newport. When I've looked at this case in preparation for today's argument, I think the critical issue is, that's before the Court, where you can provide the most benefit to citizens, is to address some of the issues that flow between the Highland Commissioner and the Township Board and more clearly set forth some rules on when the Commissioner can retain outside counsel. Because at the present time, we are left with the legacy of an old case when Herb Franks brought it back in the 70s and a statute that was apparently an attempt to clarify it that I don't think did much good. Why don't you think the statute clarified it, Mr. Long? Well, the statute, what Franks said was basically that if there is a reasonable need for the Commissioner to get an attorney, he can do that. That's a very vague statement. But at the same time, it also suggested that if there wasn't a line item in the budget, that an attorney would not get paid for that particular case. What the statute did was impose a slightly different standard, which said that there was a, he could hire an attorney if there was a direct or potential conflict of interest. It didn't say who the conflict of interest would run to, and it didn't allow for any specific method of funding. And to that extent, the question remains whether it overruled Franks or whether it accepted Well, who do you think it applies to? In other words, where or what to whom does the statement conflict of interest relate? I think the conflict of interest relates to the town attorney. I think it does not relate to the town board, because otherwise you're left with a purely political issue. And the courts are ill-equipped. We're talking about the hiring of an attorney, aren't we? You are. So are we talking about an attorney's conflict of interest? Are we talking about a hairdresser's conflict of interest? Who are we talking about when we talk about a conflict of interest? I agree. I think you're talking about the attorney's conflict of interest. Didn't the attorney who was the attorney help resolve the quibbling and haggling that the trial court referred to this underlying litigation as? A lot of quibbling and haggling? Well, yeah. Isn't that what occurred? I think I attempted to. I was the attorney throughout this for the board for the last ten years. Yes, I think I attempted to. And the attorney who was the commissioner didn't help resolve any of those quote-unquote issues? Well, the difficulty comes in when the lawsuit is first filed and a phone call is placed to that attorney and the question is, do you want to sit down and settle the case? And the answer is no. That doesn't get you anyplace. The only way in which there was a suggestion that there could be a settlement would be just give up. Do you see the town, the highway commission, as like spouses in a marriage? To a large extent. They serve the same population. They exist in the same jurisdictional base. They are closely intertwined in the statutes. Then why wouldn't a lawyer who supposedly is representing both sides in the dispute not have a direct conflict of interest like a lawyer would who supposedly is representing both spouses in a divorce? It depends on when you measure the conflict in the case. Did you say when or to what nature and extent? I think you have to start with when because if there is no conflict, no legal conflict at the beginning, but the commissioner goes and hires an attorney and generates a conflict, you can't use the predicate to justify the antecedent. So are you saying at the outset there may perhaps not have been a conflict, but one may develop later in the proceedings? Well sure, and that can happen in a lot of instances, not just here. I mean in this particular instance, there's no indication in the record that anybody actually called on me to do anything. The trial court found that there was a conflict of interest, correct? I don't think so. So we made some observations that there was a conflict, and it's not clear exactly what sort of conflict Judge Stark determined, or that he in fact made it, but there is no specific finding. If there was a conflict, what he determined it was between them. My reading of the transcript and my attendance in court suggests that he felt it was primarily a political conflict. I didn't ask you that. You told me, you know, as opposed to personal or through sanguinity or affinity, I'm not really concerned with that. I'm concerned with who was the conflict between. He doesn't have to explain that. I think he primarily suggests, and the language is somewhat elliptical, which is why I'm not able to give you a direct answer. So he wouldn't, like a reasonable person, might determine that the first three or four lines here, which are called the plaintiff-appellees, wouldn't have a conflict with the six or seven or eight lines called defendants-appellants? You wouldn't think that that's a conflict? After the lawsuit is filed, certainly. Well, you're telling me that there is no conflict until a lawsuit is filed, which suggests that if two people go to a lawyer seeking legal advice relative to marital problems, there's no conflict. The lawyer doesn't have to say a thing until such time as the petition seeking the severance of their relationship is filed? No, but at the same time, if two people come in looking for an estate plan and later on decide they want to get a divorce, those are two completely different issues. And in this particular instance, what I'm suggesting is that no one came to the attorney to say we're having a problem of any kind. I don't remember reading in your briefs that you're contesting the first two weeks or the first month or the first two months prior to the filing of the lawsuit between the highway commission and the town. I got the impression from reading the briefs that, as far as you're concerned, there wasn't a conflict at the time the lawsuit was filed. Not until that point in time, no. Pardon? I don't believe there was up until that point in time. Tell me why. Because I'm having a hard time believing that the conflict, the problems didn't exist until a second or a minute before the lawsuit was filed? Well, no, but an attorney doesn't have any conflict unless and until he's presented with a problem that has between two people that are ostensibly his clients, right? And there's no indication that any of this was ever dumped on my lap, for example. Let me ask you this. The trial court, I'm reading from the transcript, the appendix A-6, but I believe there clearly was a conflict of interest between the township and the rural district from the very beginning when the budget was not approved and no monies were given to the rural district to pay for anything. And I think that Mr. DeCann was proper in retaining an attorney. I think there is nothing in my mind that would say otherwise. Where is the trial court wrong? That's the political conflict. That's what I'm talking about. Did you read the litigation or the opinions from the DuPage 7 litigation, county board litigation, where the county board chairman for DuPage County had a political disagreement with the state's attorney on whether or not to pay the defense fees for the so-called DuPage 7? I don't believe so, sir. It might be enlightening. Mr. Long, if you concede then at the point that the lawsuit was filed that a conflict did arise, then how is it that you're disputing the attorney's case? Well, because it's my position that the obligations exist on both sides to make a reasonable effort to exhaust as many opportunities to resolve any conflicts with respect to the budget before resorting to litigation in court. I think that's inherent within the structure of this court of government. That's absolutely correct, but it is a non-sequitur. The fact that you may have a duty to act reasonably or rationally has nothing to do with whether or not there is or is not a conflict. Two people can be totally rational, totally reasonable, and still have a conflict. So it's really not material as to whether or not they're supposed to try and resolve things and say that there isn't a conflict unless people are acting irrationally? At what point in this particular case? Or politically, for that matter. Well, okay, but at what point then do you feel that there's the conflict that arose? When did it exist? Well, accordingly... I mean, that's really the core of this, isn't it? Are you aware that if I accepted your logic that you would have to recuse yourself or any alternative the next time there's some litigation between the town and the highway commission, that all that has to happen is the highway commissioner come and talk to you, create this conflict that you say doesn't exist until he talks to you, and then he can ask for your discharge because you have a conflict of interest and you have confidential information that you shouldn't be disclosing to your other client. So if he does in fact come and confide in you, you better be very careful about what it is that he supposedly tells you before you tell him. Stop. I don't want to hear anything about it because if I do, I'll have to recuse myself or I will be subject to discharge. But there is no indication of confidential information received in any location here. That's not what this case is about. No, but the logic of your argument begs the question, which is supposedly the conflict doesn't arrive until you gain enough information that a conflict arises, then you gain enough information that says you can't represent either side. And that's quite possible. That can certainly occur. I can see how that could happen. And, you know, representing governmental bodies which at times don't agree with one another, there are times when inadvertently you simply gain information that prevents you from taking sides. And there are times when the nature of the conflict is such that you can't take sides. But it all eventually comes down to a specific point in time. But according to you, you don't take sides because there isn't a conflict until someone comes and tells you that there is supposedly some information available that you then can conclude that there is a conflict. But by then it's too late for you to, quote unquote, either place a firewall or withdraw yourself from the conflict such that the result will be that you will be forced to withdraw or you will be discharged upon a petition. Your argument is self-defeating in a way. That is, assuming you want to represent one side over the other. The problem I see with this all is that you can't know that there's a conflict until you have some information, until you know that there's a dispute of some kind that underlies this. There's just no way to do that. And the real question to me is not that. The question is whether or not the political conflict is an adequate trigger to allow somebody to go off on their terms. Well, we're getting somewhat far afield in attempting to establish the unreasonableness of your argument as to when a conflict actually arose in this case. So, could we narrow it down? Was there a conflict when the lawsuit was filed or was there not a conflict? There was a conflict at that point in time. Was there a conflict before or after the highway commissioner came and talked to you? I thought he said something and you said be reasonable or something like that. That had nothing to do with the budget. That was months before. That involved a matter of the timing of pay for the employees that was resolved back in April. This budget issue didn't come up until a couple months later. Had this case involved the payroll, that would be a different thing. Because then I would have had the information from both sides. So, what are you protesting? The payment of fees from the time the litigation was filed or from the time the law firm was obtained or what? Well, the difficulty is I don't think that there was an adequate basis to retain the law firm at any point in time. Say that again? I don't believe that there was an adequate basis under the statute in the cases to retain the outside law firm at any point in time. Because I believe that this is nothing but a political debate, dispute, conflict that got escalated way beyond any bounds of reasonableness because of the retaining of the attorneys and the resort to the courts prematurely. And is it your position that had both parties come to the table with you as counsel that you may have been able to resolve the dispute thereby precluding the need for another attorney? That's exactly right. And, of course, I think that's a preliminary step. It may also have resulted in my receiving information or recognizing that there is a conflict of such nature that I cannot represent both parties or either party or whatever. But I'm at least presented with the possibility of making that decision. And here I wasn't presented with that possibility. I was simply told that there is this dispute and there's a lawsuit. The monies that the fees will be taken out of, is that not a common pot, if you will? Everything's a common pot to the extent that it comes off of your tax bill. And sure, it goes into different line items, but at some fundamental level is under the joint control of either the town board as a collective body or the town board and with the commissioner in the sense of the road and the gravel fund. But it all comes out of the same pockets from all the same people. Under the American plan, who pays? Under the American plan? Who pays the attorneys fees? Each party pays its own attorneys fees. And was the highway commissioning seeking funds from the town or was it seeking to pay their attorneys from funds in the highway commissions? It's seeking taxpayers' dollars from the highway funds. No, I don't want to know about taxpayers. I want to know what the legal definition or indication was where the funds were located and who they belonged to after the taxpayers distributed their funds to the county collector who then distributed it to the various agencies. They're held in trust by the township board, drawn on according to the highway commissioner's warrants, audited by the board, and then ultimately checks written by the supervisor. So does that mean you think that those funds belong to the town or to the highway commission? I can't take the position that they belong to anybody but the taxpayers. Well, if the position that you're taking is that it belongs to the town and the highway commissioner takes the position that it belongs to the highway commission, then it seems there's a conflict even before we determine whether or not there's a need for the funds, i.e., whether or not there needs to be litigation. Because you've already determined that there's a conflict as to who is going to pay these funds if, in fact, there is a conflict. I haven't determined anything. That was left up to Judge Stark. No, I thought you just told me what you thought the law was. No, my position is that this is taxpayers' money, no matter how you parse it up. It is designated to the road district and to the gravel fund. So if the highway commission believed that the funds belonged to the highway department and not to the taxpayer, then there would be a conflict of interest as far as you're concerned. Would that be correct or not? I don't believe so. I may disagree with that interpretation, but I don't think that generates a conflict of interest. I've disagreed with a lot of my clients over the years. I think that's part of my job, part of my responsibility. Well, are you the town attorney or are you the highway department attorney? I'm the township attorney. There is no attorney that's been designated for the highway commissioner formally. Any other questions? I have no thank yous. Thank you. Thank you. Thank you. May it please the court, good morning. I'm Kerrilynn Krafthofer on behalf of the Apple Leafs, the Newport Township Road District, and the highway commissioner. There's really only one issue that the trial court ruled on that is for consideration today, and that's whether or not the highway commissioner has the ability to pay his own legal fees from his own road district funds, which are an independent levy. Justice Shostak just asked, well, isn't there a common pool of funds? No, there's not, because here the highway commissioner has a levy under the highway code, which is for the road district. It's a separate item on a tax bill. Doesn't that presuppose or isn't that premised on the fact that there was a conflict such that the highway department was authorized to hire an attorney as opposed to seeking the advice of the town attorney? That really is a separate issue other than whether or not there's a common pool of money, but I'll be happy to address it. Well, if there isn't a conflict of interest, then it would seem that there wouldn't be a need for an attorney. If there isn't a need for an attorney, there's no need to pay an attorney, and if there's no need to pay an attorney, then it really doesn't make any difference where the funds wouldn't come from. So it seems like this is all premised on the basis of whether or not the trial court was correct when it determined that there was, in fact, a conflict of interest. Such that it would entitle, under the statute, your client going out and retaining his own counsel or its own counsel. That's true, and in this instance the trial court was correct in holding that there was a conflict of interest. The statute involved here section... If you're saying that the trial court was right in determining there was a conflict of interest, how are you saying that's not the issue before the court? The only issue before the court is the ability to pay? Because the trial court's order was ultimately that the fees had to be paid from the highway district's funds. There are three parts of that analysis. The first is we have a statute on point that says that the highway commissioner has the ability to hire counsel when there's a direct or potential conflict of interest with the township official who would otherwise represent the highway commissioner, who would be the township attorney. Doesn't he disagree that there was, in fact, a conflict of interest? He does disagree that there was a conflict of interest. So how is that not an issue before this court? It is a component of the analysis of the whole issue as to whether... I mean, it's almost like a sub-issue, I would say, of that. So it is a definite part of the analysis, and because you're right, if there's not a finding that there's a conflict of interest, then the ability to hire a conflict counsel isn't triggered. But in this instance, the court looked at the statute and said that the highway commissioner has the ability to hire an attorney when there's a... or hire a conflict counsel when there's a conflict of interest. In this instance, there's a conflict of interest. And it was not a confusing issue to the court. The court needed only look before it at the faces before it to determine that the township attorney couldn't represent both sides to the dispute. It wasn't... The court didn't, in the record, get into the subtleties and nuances of when does a conflict begin. It didn't have to, because the litigants before it were both represented by different parties and it was clear that one party could not represent both sides and therefore there wasn't even a potential conflict of interest as permitted by the statute. There was a direct conflict of interest based on that. The court was never real specific when they talked about the conflict of interest in the transcript. They were never real specific as to who the conflict... As Mr. Long pointed out, was a conflict with respect to the attorneys, was a conflict with respect to the parties. Is there anywhere in the transcript where you can point that the court was really specific about where the conflict and how the conflict arose? Yes, and it's actually the section that was quoted by Justice Burkett as well as the additional sentences that he didn't read that were included in the decision there. What the trial court said is there was clearly a conflict of interest between the township and road district from the beginning. He goes on then to say later, I think there's nothing in my mind that they would say otherwise. I'm not confident that the township attorney would be free to speak on behalf of the road district where there was such a huge conflict between the road district and the township. Therefore, what the trial court was saying is there's a conflict not only between the township and the road district as public bodies but also between the representative for the township and representing the interests of the road district here. What's your response to Mr. Long's argument that no conflict actually arose until the time that lawyers were hired? What the record shows is that the conflict in the situation was not created on the day that the lawsuit was filed. The conflict, in fact, Mr. Long said that he was asked an opinion about the pay of employees and that wasn't an issue related to the budget. It wasn't an issue related to the budget, but it was a count of this lawsuit. This was a seven-count complaint that was filed and one of the issues involved had to do with the payment of employees. Which was resolved in the arbitration or mediation? It was resolved in the mediation, but it was a lingering conflict as to whether or not the township could withhold payment for road district employees under different circumstances. That didn't start the day that the lawsuit was filed. That started about seven or eight months before the lawsuit had been filed. So in that instance, Mr. Long advised the parties to try to work things out, which actually was pretty good advice. However, it didn't resolve the difficulties and the conflicts between the parties. In fact, they continued to escalate into different areas. The township board believed they could approve intergovernmental agreements for the road district. The township board didn't pass a budget and then stopped paying all invoices from the road district. And at no point did the township attorney advise the township that they had to do that. So it could even be that the inaction of the township attorney created a conflict in this situation. But in this instance, when the township board did not pass the budget, the highway commissioner didn't run into court the next day and file the lawsuit. He thought, he was optimistic that the township board would pass the budget. So he waited two months, and that still didn't happen. It was finally when all of his operations were stopped, because he was no longer given any funding, that he had no choice but to go to court. Because his employees weren't paid, he couldn't perform terms of intergovernmental agreements he had with Lake County. There were microburst storms in Lake County last summer. He couldn't clean the debris from the road because he had no money to pay his employees. He had vendors who would no longer do business with him. He couldn't even fuel his own equipment to do the work himself because his credit cards were cut off. So this was a long lingering conflict that escalated into litigation. And the conflict existed for a long time. And the record shows that he felt that, first of all, he didn't get a legal opinion from the township attorney on some matters. And second, when he did ask for advice, he was just told to work together. He was stuck. He needed to hire a conflict counsel. That is within his right, under the express language of the Highway Code, which gives him the ability to hire conflict counsel. What relevance or materiality does a political conflict have to do with the facts and circumstances of this case? Well, this Court obviously has to rule on the legal issues. What happened here is that the politics of the matter escalated into legal issues. Because the Highway Commissioner was always, he was the incumbent, he was always having his budget approved until 2009, where suddenly he supported the supervisor's opponent in the election. And the husband of one of the trustees was the person he defeated in the election in April of 2009, and in May of 2009, suddenly his budget subjected to scrutiny. I mean, those are the politics behind it, but that doesn't, an issue doesn't have to be exclusively political or legal. Here, though, the way that the politics played out was that the Highway Commissioner believed that the township board was not following laws they were required to follow because of politics. The other issue out there is whether, as I identified originally, the court order properly said that the Highway Commissioner's fund should be paid from his own levy, in his own road district funds. Now, in this instance, part of what the Avalanches have argued in their brief is that this is, the court has somehow engaged in some kind of super legislative function in dictating what they needed to put in the budget of the township. But this really wasn't a situation where we had a legislative, a judicial encroachment of a legislative function. Because here, once the trial court decided there was a conflict of interest and the Highway Commissioner was able to hire conflict counsel, the township board was arguing that through the budget process, they could line up the legal fee item, and therefore they could obliterate that statutory right to counsel. The trial court, in creating its remedy, said, well, procedurally, the only way, if I order that the Highway Commissioner can pay himself from the road district funds, procedurally, the only way that can happen is if the township puts the money in the budget, they audit and examine the bills for payment, and then the township supervisor, who is also the road district treasurer, cuts a check. So, that was really the limited scope of the court's order, and that was well within the function of the judiciary in ordering a judicial remedy to the problem at hand. Had he not ordered that procedure to be followed, that procedure would have had to be followed anyway. Technically, yes. That's correct. It's not like he came in and went through the budget and started tinkering with line items. Because one of the cases cited is the Moore v. Grafton Township case, where the trial court judge in that instance actually took over the township board's role in appointing an attorney, and the appellate court held that, no, that was improper because that was a judicial performance of a legislative function. So, to the extent that they are arguing that the trial court judge undertook a legislative function, that's actually what he did. It was very narrowly designed to effectuate the remedy. What about the waiver of the 209? Yes. I'm glad that you asked about that. There was a fight in 2009 because the highway commissioner, well, the township reimbursed his mileage funds for his road commission work out of the township funds instead of the road district funds. So they filed a lawsuit against the highway commissioner. They styled it in his individual capacity, but they filed a lawsuit against him for reimbursement of the funds. That case was dismissed. Ultimately, the parties agreed. The highway commissioner agreed that he would reimburse the town fund from the road district fund. They have an intergovernmental agreement about that. But, in the order of dismissal, what the order specified was that the highway commissioner agreed that he would not seek attorney's fees from the township, which he is not seeking attorney's fees from the township. What he did not waive, and what the trial court found he did not waive, was the ability to reimburse his own fees from the road district funds, which is what the township board was arguing the extent of the waiver was. So that issue is the same as the issue in this case, and that was what was determined with respect to the waiver. So for these reasons, we believe that the trial court's order, which permitted the highway commissioner, well, there's one more thing I want to talk about, actually, which is that there's also case law that indicates in certain instances that it's appropriate for a public body to pay the expenses of a public entity or a public official when they're sued. The cases that have considered issues about mooring township officials have uniformly held that both sides get to be paid from public funds. So there's no support for that. I thought Mr. Long suggested that wasn't fair, that the taxpayers shouldn't be burdened with attorney's fees representing both sides of the case. Well, he did suggest that. So you're saying there's actually some case law that suggests that he's wrong. Yes. There's two cases. There's the Wayne Township v. Ludwood case and the Griffith v. Pembroke Township case. In the first case, it was a lawsuit between a township supervisor and clerk against the township board, and the township board said, well, we never approved the supervisor of hiring an attorney, very much the same as is being argued here today. And the court held in that instance the supervisor was entitled to be paid for legal representation out of township funds. Not under the American rule, but just because a public official is entitled to representation in the course of their official performance of their duties. And similarly, in the Griffith v. Pembroke Township case, in that instance, the township assessor sued the township board because her fees for running her office were not being paid by the township. And what the court held in that case ultimately was that certain expenses that the assessor submitted weren't to be paid by the township, but the court in that instance did permit the payment of the attorney's fees. There's no support for the position that when a township official is sued in their official capacity, they have to pay for their own defense individually, which is what the township is suggesting in this case. So, for these reasons, we believe that the decision of the trial court was correct and should be upheld. Thank you. Mr. Long? That last point in particular is not exactly not what I'm arguing. I'm not suggesting that Mr. Zekin, if he was sued in his official capacity, would not be entitled to defend himself from township funds. Well, he was the plaintiff in this lawsuit, was he not? So he couldn't be the defendant. Yeah, I'm talking about the 2009 lawsuit where he was sued, but that was not a suit brought in an individual capacity or in an official capacity. Excuse me. He was sued in his individual capacity and that's why I think he is not entitled to reimbursement from any public funds. Well, are you talking about 2009 or not? That's the 2009 suit. But I don't know if that was your argument. I guess I see a disconnect between whether he was sued in 2009 versus whether he was a plaintiff in 2012 or 2011 where he was suing in his official capacity to get a budget passed. How does that have anything to do with the issues today relating to 2009? Other than what you said in your briefs which was having failed to seek funds to pay attorney's fees against the township, he now waived the right to claim that he's entitled to reimbursement from highway funds. Well, there were two parts of the argument. One was the waiver. The other one was he wasn't entitled to reimbursement under any circumstances because he was sued in an individual capacity not a corporate capacity. Not in his official capacity. How would that have anything to do with what the law as it is applied to the facts in this case? That's part of this case, isn't it? That's the seventh count I think of their complaint. They're looking for that reimbursement for the 2009 lawsuit claiming that this was an official And that was resolved, was it not? Well, in my opinion, it was resolved long ago. It was resolved back in 2009. And it was fully resolved as far as I could tell because everything died after that. Nobody brought it up again. She's kind of splitting hairs with respect to where he would seek the funds from, isn't she? That's exactly right. And it wasn't just a lawsuit that was brought on the basis that he was being reimbursed from the wrong fund. That's not what the case was about. The 2009 case was about whether he was entitled to any reimbursement for mileage at all. That's what that case was about. And there's no question, there's nothing when you look at the you had the entire record for that particular case before you. And there's nothing in there that talks about individual issues or corporate capacity or being paid from the wrong funds. That's not what that was. You know, the real bottom line of this whole thing is, I think when I started this off I said there's room for some clarification. I think we need some clarification. You can't have a situation logically where a commissioner can come in, since it's his obligation to present a budget, come in and present a budget that is just obviously something nobody could ever approve, and then stand back and say, well, you won't approve it so I'm going to hire a counsel and I'm going to file a lawsuit and we're going to have to get everybody all paid out of the public coffers. And that's the circumstance, the concerns are more than anything else, because that's the circumstance we're at right now. They have the ability to do that, to be unreasonable, and there's no requirement anyplace of a limitation on the ability of the commissioner to come in and be unreasonable, except the political process that happens every four years because we can't remove anybody. And why is this clarification justiciable? Because the statute is unclear. And the statute is unclear because it just simply talks in terms of what of a conflict without defining what the conflict is. And we're required under some circumstances when the statute is unclear and vague to try to come up with a reasonable meaning for what that statute means. And that is a core justiciable. It seems like you're making a political argument and when I use the term justiciable it is a legal term of art. And so when I ask you how is it justiciable your response relating to the political aspects of the case is not material to resolving my quandary. Can you tell me why when there is quote unquote a resolution by the parties without a court order entered on the merits how that is reviewable? How that is justiciable? The attorney's fee issue was resolved on the merits. There was a motion at the close of the case of the evidentiary hearing to terminate the proceedings at that point in time it was denied. I can continue You can continue if you would like. The basic idea though is that there was a resolution, there was a motion made at an appropriate point in time that should have ended the litigation because the court was being asked to intervene too much into the legislative process. That was not done. Instead the case gets referred over to mediation where many of the issues are resolved. But that still doesn't resolve the fundamental underlying question of whether or not it was proper to go to war in the first place or whether there was some more reasonable requirement upon the Commissioner to try to resolve through the budgeting process come back to the table, work with the township attorney, do something. Did the court make any findings relative to what you just said? No. Was it required to? No. Then how are we supposed to review something that he was not required nor did comment on? Because he failed to look at it. I think it's important that he would have How did he fail to look at it if supposedly the parties had resolved their differences except this one particular issue? Because that is core to the issue itself and that's what was brought before him. There's no way around it. I'm not trying to make a circular argument. I'm trying to avoid the circles. I've been up here for over 20 years and I've had appeals filed by a party who entered into an agreed order. And the law basically is if you enter into an agreed order you can't appeal that agreed order. Well, the things that you are referring to that you want clarification of were resolved in essentially an agreed order through mediation. Therefore, what you're asking of us, we don't have the ability, let alone the inclination, to do. But I disagree. So, I'm somewhat at a loss to understand how as an attorney representing legal municipal corporate entities that you would not understand that. It's not a matter of understanding, it's a matter of disagreeing. I mean, I understand your argument and I follow where you're going. It's an observation, it's not an argument. That would be more accurate. But to me the issue is not that. The issues before the court on the attorney's fees are whether or not he was entitled to retain the attorney in the first instance. Somehow you have to get back to that. And you have to look to the point in time at which this conflict arose and all the rest of the aspects that I've talked about in the brief. I think you need to get to that. Any other questions? Nothing. You've said that the statute needs clarification. I think it does. Well, the statute to me when I read it, it's pretty clear. The authority to hire legal counsel to perform legal functions. There's no language in the statute that says to perform political functions. It's for a legal conflict of interest. I agree. Which is what the trial court found and you disagree with, correct? No, I don't think that's what the trial court really found. I think the trial court found that there was a political conflict to an extent to such an extent that it engendered a legal conflict of interest. The court was looking and considering the statute when he used the term and said, I find a conflict of interest, correct? I guess he did. Thank you. Thank you. We'll take the case under advisement to a short recess. There are other cases on the call.